**Umair ZAHAID, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General,[1] Respondent.**

No. 07–1165–ag.

United States Court of Appeals, Second Circuit.

Jan. 28, 2008.

Parker Waggaman, New York, New York, for Petitioner.

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

Peter D. Keisler, Assistant Attorney, General, James E. Grimes, Senior Litigation Counsel, Thankful T. Vanderstar, Trial Attorney, United States Department of Justice, Civil Division, Office of Immigration Litigation, Washington, D.C., for Respondent.

PRESENT: Hon. JOSÉ A. CABRANES, Hon. ROBERT A. KATZMANN, Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Petitioner Umair Zahaid, a native and citizen of Pakistan, seeks review of the February 20, 2007 order of the BIA affirming the June 22, 2005 decision of Immigration Judge ("IJ") Theresa Holmes–Simmons, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Umair Zahaid,* No. A97 915 241 (B.I.A. Feb. 20, 2007), *aff'g* No. A97 915 241 (Immig. Ct. N.Y. City, June 22, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA does not expressly "adopt" the IJ's decision, but its brief opinion closely tracks the IJ's reasoning, we may consider both the IJ's and the BIA's opinions for the sake of completeness if doing so does not affect our ultimate conclusion. *Wangchuck v. Dep't of Homeland Sec.,* 448 F.3d 524, 528 (2d Cir.2006). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296, 305 (2d Cir.2007) (en banc).

█ We find that substantial evidence supports the agency's adverse credibility determination. For example, the discrepancy between Zahaid's testimony that he was not injured during an attempted kidnaping in May 1999 and a newspaper article stating that he was "badly beaten" was material to his asylum claim because it related to one of the two instances of alleged harm to which he testified. *See Zhou Yun Zhang,* 386 F.3d at 74. Similarly, based on the fact that the level of harm Zahaid experienced differed significantly between his account and that of the newspaper, the discrepancy was "substantial" when measured against the record as a whole. *Secaida–Rosales v. INS,* 331 F.3d 297, 308–09 (2d Cir.2003). Although Zahaid offered an explanation for this discrepancy, no reasonable adjudicator would have been compelled to accept it. *See Majidi v. Gonzales,* 430 F.3d 77, 80–81 (2d Cir.2005).

In addition, the agency found that it was implausible that Muslim Student Federation ("MSF") members targeted Zahaid on account of his People's Student Federation ("PSF") membership when his duties included distributing books to lower income students and cleaning school grounds, and when he never participated in political activities such as national elections or anti-government demonstrations. This implausibility finding was "tethered to record evidence, and there is nothing else in the record from which a firm conviction of error could properly be derived." *Wensheng Yan v. Mukasey,* 509 F.3d 63, 67 (2d Cir.2007). As the BIA noted, the IJ probed Zahaid for details regarding his PSF duties and the MSF's interest in him, resulting in a well-developed record on which the IJ could rely. *See id.* While the events as Zahaid described them could "conceivably ... be deemed plausible," the record does not compel an inference opposite to that drawn by the agency. *Id.* at

68; *cf. Mamana v. Gonzales,* 436 F.3d 966, 969 (8th Cir.2006).

Furthermore, substantial evidence supports the agency's finding that Zahaid's credibility was undermined by the fact that he failed to apply for asylum either in the United Kingdom or the United States between September 1999 and December 2002. *Cf. Balogun v. Ashcroft,* 374 F.3d 492, 500 (7th Cir.2004) ("The IJ's first reason for questioning Ms. Balogun's credibility—the 'timing of her claim'—is probative and supported by the evidence. As he noted, Ms. Balogun traveled to the United States and Britain several times ... without ever seeking asylum from either of these countries."). *But cf. Damaize–Job v. INS,* 787 F.2d 1332, 1337 (9th Cir.1986). The record reveals that the IJ carefully considered (and rejected) Zahaid's explanations for his failure to apply for asylum during these periods. His statements that it was too expensive to file in the U.K., and that he lacked the necessary information to apply in the U.S., were not so compelling that any reasonable adjudicator would have accepted them. *Majidi,* 430 F.3d at 80–81; *cf. Balogun,* 374 F.3d at 501. Accordingly, it was not error for the agency to rely on these findings as a basis for its adverse credibility determination.

Because substantial evidence supports the adverse credibility determination, the agency's denial of Zahaid's asylum claim was not improper. Moreover, because the only evidence of a threat to Zahaid's life or freedom, or a likelihood of his being subjected to torture, depended upon his credibility, the adverse credibility determination necessarily precludes success on his claims for withholding of removal and CAT relief. *See Paul v. Gonzales,* 444 F.3d 148, 156–57 (2d Cir.2006); *Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 523 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).